RE: UNOFFICIAL INTERPRETATION OF 61 O.S. 130 (1989) AND EMERGENCIES PURSUANT TO THE PUBLIC COMPETITIVE BIDDING ACT
ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR TELEPHONE REQUEST FOR AN INTERPRETATION OF THE STATUTORY SECTION OF THE COMPETITIVE BIDDING ACT DEALING WITH EMERGENCIES. DUE TO THE FACT THAT YOU INDICATED THIS INFORMATION WAS NEEDED IMMEDIATELY AND THAT YOU WOULD ACCEPT AN INFORMAL LETTER AS OPPOSED TO A FORMAL OPINION, I AM RESPONDING BY LETTER.
YOUR INQUIRY REGARDING COMPETITIVE BIDDING ASKS IN EFFECT,
PURSUANT TO 61 O.S. 130 (1989), DOES THE CONTRACT-AMOUNT LIMIT RESTRICT THE PUBLIC AGENCY'S AUTHORITY TO CONTRACT WITHOUT APPLYING THE NOTICE AND BID REQUIREMENTS, WHERE AN EMERGENCY IS DECLARED TO EXIST BY A TWO-THIRDS VOTE OF ALL OF THE MEMBERS OF THE GOVERNING BODY OF A PUBLIC AGENCY?
IN REVIEWING THE LANGUAGE OF 61 O.S. 130 , IT MUST FIRST BE NOTED THAT TWO DIFFERENT SITUATIONS ARE ADDRESSED BY THAT STATUTE. FIRSTLY, THE SITUATION IS ADDRESSED WHERE THE MEMBERS OF THE GOVERNING BODY OF THE PUBLIC AGENCY VOTE TO DECLARE THAT AN EMERGENCY EXISTS. SECONDLY, THE SITUATION IS ADDRESSED WHERE THE MEMBERS OF THE GOVERNING BODY OF THE PUBLIC AGENCY VOTE TO DELEGATE TO THE CHIEF ADMINISTRATIVE OFFICER OF THE AGENCY THE POWER AND AUTHORITY TO DECLARE THAT AN EMERGENCY EXISTS.
THE LIMITING LANGUAGE OF SECTION 130 TO WHICH YOUR INQUIRY RELATES STATES THAT "SUCH AUTHORITY SHALL NOT EXTEND TO ANY CONTRACT EXCEEDING TWENTY-FIVE THOUSAND DOLLARS IN AMOUNT", WITH A PROVISION FOR A LARGER MAXIMUM LIMIT FOR THE OKLAHOMA DEPARTMENT OF TRANSPORTATION. HOWEVER, THE TERM "SUCH AUTHORITY" IS PART OF THE VERY SENTENCE RELATING TO THE SECOND SITUATION DESCRIBED ABOVE, THAT OF WHERE THE AGENCY DELEGATES TO THE CHIEF ADMINISTRATIVE OFFICER THE POWER TO DECLARE AN EMERGENCY.
THE INITIAL SENTENCE OF 61 O.S. SECTION 130[61-130](A) DESCRIBES THE GOVERNING BODY OF THE PUBLIC AGENCY DECLARING AN EMERGENCY, AND CONTAINS NO EXPRESS RESTRICTIONS ON CONTRACT DOLLAR AMOUNTS. THUS, IN MY OPINION, WHERE THE GOVERNING BODY OF THE PUBLIC AGENCY ITSELF VOTES TO DECLARE THE EMERGENCY PURSUANT TO THE STATUTE, THE LEGISLATURE CHOSE NOT TO PLACE LIMITATIONS UPON THE MAXIMUM DOLLAR AMOUNT WHICH THE AGENCY COULD ENTER INTO CONTRACTS WITHOUT MEETING THE BIDDING AND NOTICE REQUIREMENTS TO RESOLVE THEIR EMERGENCY. WHEN THE INTENT OF THE LEGISLATURE IS PLAINLY EXPRESSED, THERE IS NO ROOM FOR CONSTRUCTION. JOHNSON V. WARD, 541 P.2D 182 (OKLA.1975)
ALSO, PLEASE NOTE THAT THERE ARE DIFFERING REQUIREMENTS OF GIVING NOTICE TO THE PRESIDENT PRO TEMPORE OF THE STATE SENATE AND THE SPEAKER OF THE HOUSE OF REPRESENTATIVES, DEPENDING UPON WHETHER THE EMERGENCY IS DECLARED BY THE GOVERNING BODY OR BY THE CHIEF ADMINISTRATIVE OFFICER. THIS DIFFERENCE IN NOTICE REQUIREMENTS FURTHER SUPPORTS THE POSITION THAT THE STATUTE INTENDED DIFFERENT PROCEDURES AND LIMITATIONS ON CONTRACT AMOUNTS NOT SUBJECT TO THE BIDDING AND NOTICE REQUIREMENTS, DEPENDENT UPON WHETHER THE GOVERNING BODY OF THE AGENCY DECLARED AN EMERGENCY VERSUS WHERE THIS POWER WAS DELEGATED TO AN OFFICER.
IT SHOULD ALSO BE NOTED THAT THE STATUTE SETS FORTH THE LIMITED CIRCUMSTANCES WHEN AN EMERGENCY CAN BE DECLARED AND INCLUDES TWO REQUIREMENTS WHEN IT STATES:
 "EMERGENCY AS USED IN THIS SECTION SHALL BE LIMITED TO CONDITIONS RESULTING FROM A SUDDEN UNEXPECTED HAPPENING OR UNFORESEEN OCCURRENCE OR CONDITION AND SITUATION WHEREIN THE PUBLIC HEALTH OR SAFETY IS ENDANGERED." (EMPHASIS ADDED.)
OBVIOUSLY, FOR ANY PUBLIC AGENCY TO CONSIDER USE OF 61 O.S. 130, THE FACTUAL CIRCUMSTANCES WOULD HAVE TO MEET THE LEGAL DEFINITION OF EMERGENCY UNDER THIS STATUTE.
THEREFORE, IT IS MY OPINION THAT THE LANGUAGE OF THE STATUTE IS UNAMBIGUOUS AS TO THE APPLICABILITY OF THE DOLLAR LIMITS ON CONTRACTS UNDER EMERGENCIES PURSUANT TO 61 O.S. 130 , IN THAT THE DOLLAR LIMITS IMPOSED BY THE STATUTE ONLY APPLY WHERE THE AUTHORITY TO DECLARE AN EMERGENCY IS DELEGATED BY THE GOVERNING BODY TO THE CHIEF ADMINISTRATIVE OFFICER OF THE AGENCY. WHERE THE MEMBERS OF THE GOVERNING BODY VOTE TO DECLARE AN EMERGENCY, 61 O.S. 130 DOES NOT IMPOSE A MAXIMUM DOLLAR LIMITATION ON CONTRACTS NOT SUBJECT TO NOTICE AND BIDDING REQUIREMENTS.
(GLEN D. HAMMONS)